# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR OWENS,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO FOODS, LLC, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01526-SAB<br><br>ORDER RE WITHDRAWAL OF MOTION TO COMPEL DEFENDANTS TO SERVE RULE 26(a)(1) DISCLOSURES, GRANTING PLAINTIFF'S MOTION FOR SANCTIONS, AND VACATING HEARING SET FOR AUGUST 24, 2016<br><br>(ECF Nos. 31, 32) |

      On October 7, 2015, Plaintiff filed this action. (ECF No. 1.) On August 4, 2016, Plaintiff filed a motion to compel Defendants to serve their Federal Rule of Civil Procedure 26(a)(1) ("Rule 26(a)(1)") initial disclosures and for Federal Rule of Civil Procedure 37 ("Rule 37") sanctions. (ECF No. 31.) The hearing is set for August 24, 2016. Plaintiff filed his motion pursuant to Local Rule 251(e), which provides that the requirement for a Joint Statement re Discovery Disagreement does not apply when there has been a complete and total failure to respond to a discovery request or order. Local Rule 251(e) also states that "[t]he responding party shall file a response thereto not later than seven (7) days before the hearing date." However, Defendants have not filed a response to Plaintiff's motion to compel or request for sanctions.

      On August 19, 2016, Plaintiff filed a notice of withdrawal of the motion to compel

Defendants to serve their initial disclosures. (ECF No. 32.) However, Plaintiff did not withdraw the request for sanctions. (ECF No. 32.) Upon a review of Plaintiff's motion for sanctions, and in light of Plaintiff's withdrawal of the motion to compel and Defendants' failure to file a response to the motion to compel and request for sanctions, the Court finds this matter suitable for decision without oral argument and vacates the hearing. For the reasons stated below, the Court grants Plaintiff's request for Rule 37 sanctions.

## I.

## BACKGROUND

The Court notes that this is not Defendants' first time failing to comply with the Court's orders or the Federal Rules of Civil Procedure. The parties stipulated that Defendant Fresno Foods, LLC would have an extension of time to file a responsive pleading. (ECF Nos. 6, 8, 10.) On February 4, 2016, Plaintiff filed a motion for service by publication on Defendant Pauline F. Kouvalas-Prew, which was granted on February 25, 2016. (ECF No. 11.) On May 3, 2016, Plaintiff filed a request for entry of default on Defendant Kaouvalas-Prew for failing to appear or otherwise respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure. (ECF No. 16.) On May 4, 2016, Defendants Fresno Foods, LLC and Kouvalas-Prew filed an answer. (ECF No. 17.) On May 9, 2016, after the Court set an informal teleconference to discuss the request for entry of default, Plaintiff filed a notice of withdrawal of the request for entry of default. (ECF Nos. 18, 19.)

The scheduling conference was set for June 14, 2016, but Defendants failed to appear. (ECF No. 22.) On June 15, 2016, the Court issued an order requiring Defendants to show cause why sanctions should not issue for their failure to appear at the scheduling conference. (ECF No. 23.) On June 20, 2016, Defendants' counsel, Peter Cook, filed a response to the order to show cause, stating that the scheduling conference had been inadvertently calendared for the wrong date. (ECF No. 24.) On June 21, 2016, the Court discharged the June 15, 2016 order to show cause and set a scheduling conference in this matter for June 28, 2016. (ECF No. 25.) On June 28, 2016, the Court held a scheduling conference, during which the Court set deadlines in this matter. (ECF No. 26.) On June 30, 2016, the Court issued a scheduling order. (ECF No. 29.)

1  The scheduling order required the parties to exchange Rule 26(a)(1) disclosures on or before July
2  5, 2016.  (ECF No. 29 at 2.)

## II.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), if a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  Before such a motion is made, the moving party must "in good faith" confer or attempt to confer with the party that has failed to make the disclosure in an effort to avoid court involvement. <u>See</u> Fed. R. Civ. P. 37(a)(1).  I f disclosure is provided after the motion was filed, the Court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses, including attorney's fees, unless the movant did not attempt in good faith to obtain the disclosure without court action, the conduct was substantially justified, or other circumstances make an award of expenses unjust.  <u>See</u> Fed. R. Civ. P 37(a)(5)(A).

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3).  Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotations omitted).  Disregard of the terms of the scheduling order "undermine[s] the court's ability to control its docket, disrupt[s] the agreed-upon course of the litigation, and reward[s] the indolent and the cavalier."  <u>Id.</u>

## III.

## DISCUSSION

In Plaintiff's motion to compel, Plaintiff asserted that Defendants had failed to provide the Rule 26(a)(1) initial disclosures, as required by the Court's June 30, 2016 scheduling order.  (ECF No. 31.)  In Plaintiff's notice of withdrawal of the motion to compel, Plaintiff states that

Defendants emailed their initial disclosures to Plaintiff's counsel on August 19, 2016, at approximately 7:19 a.m. (ECF No. 32.) Although Plaintiff withdraws his motion to compel Rule 26(a)(1) initial disclosures because Defendants have now served them, Plaintiff is still pursuing his request for sanctions. (ECF No. 32.)

Plaintiff's counsel, Tanya Moore, submitted a declaration in support of Plaintiff's motion to compel Defendants to serve their initial disclosures and for sanctions. (Moore Decl., ECF No. 31-2.) Ms. Moore declares that as of August 4, 2016, her office had not received Defendants' initial disclosures. (Moore Decl. at ¶ 2.) On July 12, 2016, Ms. Moore's office emailed Mr. Cook regarding Defendants' failure to serve the initial disclosures. (Moore Decl. at ¶ 3.) Ms. Moore's office did not receive a response to the July 12, 2016 email, so they wrote Mr. Cook again on July 19, 2016, demanding that the initial disclosures be provided, and advising that if they were not, that a motion to compel and for sanctions would be brought. (Moore Decl. at ¶ 3.) On July 26, 2016, Ms. Moore left a voicemail message for Mr. Cook explaining his clients' obligation to serve the initial disclosures, and advising him that if such initial disclosures were not received, she would be forced to bring a motion to compel. (Moore Decl. at ¶ 4.) On July 27, 2016, Ms. Moore's office provided Mr. Cook with a proposed settlement agreement and advised Mr. Cook that if a settlement was not reached by August 3, 2016, and if initial disclosures were not provided by that date, Plaintiff would bring a motion to compel and for sanctions. (Moore Decl. at ¶ 5.) As of August 4, 2016, Ms. Moore's office had not received any response from Mr. Cook. (Moore Decl. at ¶ 5.)

Neither party requested an extension of the deadline to serve initial disclosures. Defendants served their initial disclosures on August 19, 2016, which is over six weeks past the deadline to serve initial disclosures, and over two weeks after Plaintiff filed the motion to compel. Defendants ignored Plaintiff's written and verbal requests regarding serving the initial disclosures. The Court finds that Plaintiff in good faith attempted to confer with Defendants regarding the failure to serve initial disclosures in an effort to avoid court involvement.

However, Defendants did not respond to Plaintiff's efforts to resolve this issue without court involvement. Defendants' noncompliance with the Court's scheduling order and

1   nonresponse to Plaintiff's communications caused Plaintiff to file the motion to compel.
2   Defendants only served their initial disclosures after Plaintiff filed the motion to compel.
3   Although Local Rule 251 required Defendants to file a response to the motion to compel,
4   Defendants did not file a response to Plaintiff's motion to compel initial disclosures and for
5   sanctions. Therefore, Defendants had the opportunity to be heard regarding Plaintiff's request
6   for sanctions. Defendants have provided no justification for failing to make the Rule 26(a)(1)
7   initial disclosures and have provided no response to Plaintiff's request for sanctions. The Court
8   finds that Plaintiff is entitled to sanctions for the fees he incurred bringing the motion to compel
9   and for sanctions.

10   Plaintiff seeks sanctions in the amount of $746.50 together with the fees he will incur
11   defending this motion and preparing for and attending the hearing. As the Court is vacating the
12   hearing on this motion, and as Plaintiff was not required to file a reply in support of the motion,
13   Plaintiff has not incurred any additional fees beyond the $746.50.

14   Ms. Moore declares that her billing rate is $400.00 per hour, but she is only seeking
15   $300.00 per hour for purposes of this motion. (Moore Decl. at ¶ 8.) Ms. Moore also declares
16   that she spent 1.3 hours in reviewing the research performed on this motion, and reviewing and
17   revising this motion. (Id.) Therefore, Ms. Moore requests $390.00 for her billable time on this
18   motion.

19   Marejka Sacks also submitted a declaration in support of Plaintiff's motion to compel
20   Defendants to serve their initial disclosures and for sanctions. (Sacks Decl., ECF No. 31-3.) Ms.
21   Sacks declares that her current hourly billable rate is $175.00, but Plaintiff is only requesting
22   $115.00 per hour for the time that she has spent on the motion. (Sacks Decl. at ¶ 3.) Ms. Sacks
23   also declares that she spent 3.1 hours researching the Federal Rules of Civil Procedure, Local
24   Rules, and the standing orders of the undersigned regarding this motion; confirming a hearing
25   date; and drafting the notice of motion, memorandum, declarations of Ms. Moore and herself,
26   and the proposed order. (Id.) Therefore, Ms. Sacks requests a total billable time of $356.50 for
27   the instant motion.

28   The Court finds that the $746.50 in fees described in Ms. Moore and Ms. Sacks's

declarations is reasonable and orders Defendants to pay Plaintiff $746.50 in sanctions for the instant motion to compel and request for sanctions.

## IV.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel Defendants' Rule 26(a)(1) initial disclosures (ECF No. 31) is TERMINATED as Plaintiff has withdrawn the motion;

2. The August 24, 2016 hearing on Plaintiff's motion to compel and request for sanctions is VACATED;

3. Plaintiff's motion for sanctions (ECF No. 31) is GRANTED, and Defendants shall pay $746.50 to Plaintiff no later than September 2, 2016; and

4. Defendants are forewarned that failure to comply with this order and future failures to comply with discovery obligations will result in further sanctions, which may include, but not limited to monetary sanctions and default.

IT IS SO ORDERED.

Dated: **August 19, 2016**

UNITED STATES MAGISTRATE JUDGE