# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR OWENS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO FOODS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01526-SAB<br><br>ORDER DISMISSING ADA CLAIM AS MOOT, DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS AND DISMISSING THEM WITHOUT PREJUDICE, AND DIRECTING CLERK OF THE COURT TO CLOSE THIS ACTION |

On October 7, 2015, Plaintiff filed this action. (ECF No. 1.) On November 3, 2015, Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 5.) On June 28, 2016, Defendants consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 28.) On August 22, 2016, Plaintiff filed a first amended complaint. (ECF No. 36.) Defendants did not respond to Plaintiff's first amended complaint. On September 21, 2016, default was entered against Defendants. (ECF No. 38.)

On October 20, 2016, Plaintiff's counsel, Tanya Moore, filed a statement of death informing the Court that Plaintiff is deceased. (ECF No. 40.) On October 31, 2016, the Court ordered that a motion for substitution be filed on or before December 23, 2016. (ECF No. 41.) However, a motion for substitution was not filed, so on December 28, 2016, an order issued requiring Ms. Moore to show cause why this action should not be dismissed for failure to file a motion for substitution in compliance with the Court's October 31, 2016 order. (ECF No. 42.)

On January 10, 2017, Ms. Moore filed a declaration in response to the order to show cause. (ECF No. 43.) On January 12, 2017, the Court discharged the December 28, 2016 order to show cause. (ECF No. 44.)

Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure,

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Here, Plaintiff is deceased and a motion for substitution has not been filed.[1] The Court first determines whether the claims in this action survive Plaintiff's death. The Court notes that it has jurisdiction over this action through the presence of a federal question, and specifically, Plaintiff's claim under Title III of the Americans with Disabilities Act ("ADA"). The Court has supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff's first claim for relief is pursuant to Title III of the ADA. Injunctive relief is the only remedy available to a private litigant under Title III of the ADA. See 42 U.S.C. § 12188(a)(1); Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002); Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC, 753 F.3d 862, 867 (9th Cir. 2014).

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Los Angeles County v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). Courts have found a claim for injunctive relief particular to the plaintiff's situation moot when a plaintiff dies. See Kennerly v. U.S., 721 F.2d 1252, 1260 (9th Cir. 1983) (finding that the deceased plaintiff's individual claim for injunctive relief is moot); Bowman v. Corrections Corp. of America, 350 F.3d 537, 550 (6th Cir. 2003) (finding that claim for injunctive relief is moot as to plaintiff who brought suit on behalf of her deceased son and his children for alleged violation of her son's constitutional rights); Goodwin v. C.N.J., Inc., 436 F.3d 44, 48-49 (1st Cir. 2006) (finding that

---

[1] The Court had waited ninety (90) days after the December 28, 2016 order to show cause and Ms. Moore's declaration in response to the order to show cause were served on Charles Owens, who Ms. Moore stated was Plaintiff's next of kin, to see if Plaintiff's successor or representative would bring a motion for substitution.

the deceased plaintiff and the executrix, who is administering the deceased plaintiff's estate and not carrying on his business, cannot conceivably benefit from an order granting injunctive relief, and therefore, finding that the injunctive relief aspect of the case is moot following plaintiff's death).

The Fifth Circuit Court of Appeals has addressed whether a Title III ADA claim survives a plaintiff's death. See Plumley v. Landmark Chevrolet, Inc., 122 F.3d 308, 312 (5th Cir. 1997). In Plumley, the plaintiff had sued a car dealership and car salesman based upon statements that the car salesman made. Id. at 309-10. After the car salesman repudiated the pending contract and made the statements to plaintiff, plaintiff's son purchased a truck elsewhere. Id. at 310. The plaintiff died while the suit was pending and his wife was substituted as plaintiff. Id. The district court had ruled that the Title III ADA claim did not survive plaintiff's death. Id. at 312. The Fifth Circuit recognized that a plaintiff is limited to injunctive relief, a restraining order, or similar order on a Title III ADA claim and that "a plaintiff seeking injunctive relief based on an alleged past wrong must show that there is a real or immediate threat that he will be wronged again." Id. (citing City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)). The Fifth Circuit held that the wife could not seek injunctive relief on the Title III ADA claim because it was unlikely that defendant would wrong her deceased husband again since he was deceased and his son bought another truck. Plumley, 122 F.3d at 312.

Therefore, the Court finds that Plaintiff's Title III ADA claim for injunctive relief is moot because any representative or successor who could substitute into this case would not be able to show that there is a real or immediate threat that Plaintiff would be wronged again by Defendants.[2] Thus, the Court finds that Plaintiff's claim under Title III of the ADA was extinguished by his death and this claim is dismissed as moot. Accordingly, the extinguishment of Plaintiff's ADA claim leaves only state law claims in this matter.

Next, the Court discusses whether it shall exercise supplemental jurisdiction over the state law claims. A district court may decline to exercise jurisdiction over supplemental state

---

[2] Plaintiff also requests declaratory relief on the ADA claim. Likewise, the declaratory relief on the ADA claim is moot because there is not an actual case or controversy under the ADA. See Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005); Plumley, 122 F.3d at 312.

3

law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Plaintiff brings a California Unruh Act claim pursuant to Section 51(f) of the California Civil Code and a California Health and Safety Code claim.  Although the California Unruh Act incorporates the ADA into the elements of a claim, this cause of action does not create federal question jurisdiction.  See Wander, 304 F.3d at 857-58 (holding that plaintiff's state law cause of action claim under the California Disabled Person's Act does not 'arise under federal law' even though it is premised on a violation of federal law, the ADA); Wyatt v. Rug Emporium, 1:15-cv-01414-AWI-SMS, 2016 WL 2990598, *2 (E.D. Cal. May 24, 2016) (holding that California Civil Code §§ 51(f) and 54.1(d) do not create federal question jurisdiction even though they incorporate the ADA).  As the claim which this Court has original jurisdiction over, the Title III ADA claim, is dismissed as moot, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  See 28 U.S.C. § 1367(c)(3).  Therefore, the Court finds that the state law claims shall be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claim under Title III of the ADA is DISMISSED as moot;
2. The Court DECLINES to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3) and those claims are DISMISSED without prejudice; and
3. The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:   **May 5, 2017**

UNITED STATES MAGISTRATE JUDGE